```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

DOUG VAUGHN, JR.                    :      CIVIL ACTION
                                    :
        v.                          :
                                    :
PETCO                               :      NO. 12-4353

## MEMORANDUM

ROBRENO, J.                                AUGUST 7, 2012

     Plaintiff Doug Vaughn, Jr. brings this action pursuant to Title VII, the Pennsylvania Human Relations Act (PHRA), and the Age Discrimination in Employment Act (ADEA) against PETCO, his former employer.[1] He seeks to proceed in forma pauperis. For the following reasons, the Court will grant plaintiff leave to proceed in forma pauperis and dismiss his complaint without prejudice to his filing an amended complaint.

## I.   FACTS

     According to the boxes that plaintiff checked on the form complaint that he filed in this case, he is claiming that PETCO discriminated against him and terminated him based on his race, color, gender (male), and age. He also alleges that he was "harassed during employment," but does not further elaborate on that statement. (Compl. ¶ E.) Additionally, plaintiff contends that he "believe[s] that [he] was retaliated against [because he] participated in a racial discrimination investigation with [the]

---

[1] This is the third employment discrimination case that plaintiff has filed in this Court. See Vaughn v. Giant Food Stores, E.D. Pa. Civ. A. No. 11-4448; Vaughn v. Clemens Market, Inc., E.D. Pa. Civ. A. No. 04-5515.

EEOC, Human Relations Commission, and NAACP." (Id.) After receiving a notice of right to sue letter from the Equal Employment Opportunity Commission, plaintiff filed this case, seeking an order requiring the defendant to rehire him and promote him, as well as other relief.

## II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed in forma pauperis because he has satisfied the criteria set forth in 28 U.S.C. § 1915(a). Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune.

Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). Although any factual allegations must be taken as true, courts evaluating the viability of a complaint should "disregard legal conclusions and recitals of the elements of a cause of action, supported by mere conclusory statements." Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010) (quotations omitted); see also Renfro v. Unisys Corp., 671 F.3d 314, 320 (3d Cir. 2011) ("[C]ourts evaluating the

2

viability of a complaint . . . must look beyond conclusory statements . . . ."). Thus, although the Court must construe plaintiff's allegations liberally because he is proceeding pro se, Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011), he must recite more than "labels and conclusions" to state a claim. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

### III. DISCUSSION

The Court will dismiss plaintiff's complaint because it is comprised solely of unsupported conclusory statements. Despite claiming that he was discriminated against based on, among other things, his race and his age, plaintiff has not stated his race or age in his complaint. Nor has plaintiff "allege[d] any facts correlating the adverse actions against [him] with any discriminatory motive" as would be required to state a claim under Title VII, the PHRA, and the ADEA. Waiters v. Aviles, 418 F. App'x 68, 71 (3d Cir. 2011) (per curiam); see also Ruddy v. U.S. Postal Serv., 455 F. App'x 279, 284 (3d Cir. 2011) (affirming dismissal of age discrimination claim when plaintiff failed to allege facts establishing that he was treated differently than younger employees); Sarullo v. U.S. Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003) ("[A prima facie case of discrimination] requires a showing that: (1) the plaintiff belongs to a protected class; (2) he/she was qualified for the position; (3) he/she was subject to an adverse employment action despite being qualified; and (4) under circumstances that raise an inference of discriminatory action, the employer continued to

seek out individuals with qualifications similar to the plaintiff's to fill the position."). Furthermore, plaintiff has failed to allege any facts that would support his bald conclusion that he was retaliated against for participating in an investigation of his employer's allegedly discriminatory practices. See Khalik v. United Air Lines, 671 F.3d 1188, 1193 (10th Cir. 2012) (affirming dismissal of employment discrimination and retaliation case when many of plaintiff's allegations were conclusory).

Although the complaint does not state a claim as currently pled, the Court will give plaintiff leave to file an amended complaint so that he may cure the above deficiencies. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). In his amended complaint, plaintiff should include all of the facts that he believes illustrate that PETCO retaliated against him or acted with discriminatory animus.

## IV. CONCLUSION

For the foregoing reasons, the complaint is dismissed without prejudice to plaintiff filing an amended complaint. As the Court has concluded that there is currently no merit to plaintiff's claims, his motion for appointment of counsel is denied without prejudice to his renewing the motion at a later time. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether to grant counsel, "the district court must consider as a threshold matter the merits of the plaintiff's claim"). An appropriate order follows.