IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FILED

DOUG VAUGHN, JR.                     :        CIVIL ACTION

                        AUG -7 2012   :

        v.                                    :

                        MICHAEL E. KUNZ, Clerk
PETCO                   By_____Dep. Clerk        NO. 12-4353

### MEMORANDUM

ROBRENO, J.                              AUGUST 7 , 2012

    Plaintiff Doug Vaughn, Jr. brings this action pursuant to
Title VII, the Pennsylvania Human Relations Act (PHRA), and the
Age Discrimination in Employment Act (ADEA) against PETCO, his
former employer.[1]  He seeks to proceed in forma pauperis.  For the
following reasons, the Court will grant plaintiff leave to
proceed in forma pauperis and dismiss his complaint without
prejudice to his filing an amended complaint.

I.    FACTS

    According to the boxes that plaintiff checked on the form
complaint that he filed in this case, he is claiming that PETCO
discriminated against him and terminated him based on his race,
color, gender (male), and age.  He also alleges that he was
"harassed during employment," but does not further elaborate on
that statement.  (Compl. ¶ E.)  Additionally, plaintiff contends
that he "believe[s] that [he] was retaliated against [because he]
participated in a racial discrimination investigation with [the]

--------

[1]This is the third employment discrimination case that
plaintiff has filed in this Court.  See Vaughn v. Giant Food
Stores, E.D. Pa. Civ. A. No. 11-4448; Vaughn v. Clemens Market,
Inc., E.D. Pa. Civ. A. No. 04-5515.

EEOC, Human Relations Commission, and NAACP." (<u>Id.</u>) After receiving a notice of right to sue letter from the Equal Employment Opportunity Commission, plaintiff filed this case, seeking an order requiring the defendant to rehire him and promote him, as well as other relief.

## II.  STANDARD OF REVIEW

The Court grants plaintiff leave to proceed <u>in forma pauperis</u> because he has satisfied the criteria set forth in 28 U.S.C. § 1915(a). Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune.

Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), <u>see</u> <u>Tourscher v. McCullough</u>, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quotations omitted). Although any factual allegations must be taken as true, courts evaluating the viability of a complaint should "disregard legal conclusions and recitals of the elements of a cause of action, supported by mere conclusory statements." <u>Santiago v. Warminster Twp.</u>, 629 F.3d 121, 128 (3d Cir. 2010) (quotations omitted); <u>see also</u> <u>Renfro v. Unisys Corp.</u>, 671 F.3d 314, 320 (3d Cir. 2011) ("[C]ourts evaluating the

2

viability of a complaint . . . must look beyond conclusory
statements . . . ."). Thus, although the Court must construe
plaintiff's allegations liberally because he is proceeding pro
se, Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011), he
must recite more than "labels and conclusions" to state a claim.
Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

## III. DISCUSSION

The Court will dismiss plaintiff's complaint because it is
comprised solely of unsupported conclusory statements. Despite
claiming that he was discriminated against based on, among other
things, his race and his age, plaintiff has not stated his race
or age in his complaint. Nor has plaintiff "allege[d] any facts
correlating the adverse actions against [him] with any
discriminatory motive" as would be required to state a claim
under Title VII, the PHRA, and the ADEA. Waiters v. Aviles, 418
F. App'x 68, 71 (3d Cir. 2011) (per curiam); see also Ruddy v.
U.S. Postal Serv., 455 F. App'x 279, 284 (3d Cir. 2011)
(affirming dismissal of age discrimination claim when plaintiff
failed to allege facts establishing that he was treated
differently than younger employees); Sarullo v. U.S. Postal
Serv., 352 F.3d 789, 797 (3d Cir. 2003) ("[A prima facie case of
discrimination] requires a showing that: (1) the plaintiff
belongs to a protected class; (2) he/she was qualified for the
position; (3) he/she was subject to an adverse employment action
despite being qualified; and (4) under circumstances that raise
an inference of discriminatory action, the employer continued to

3

seek out individuals with qualifications similar to the plaintiff's to fill the position."). Furthermore, plaintiff has failed to allege any facts that would support his bald conclusion that he was retaliated against for participating in an investigation of his employer's allegedly discriminatory practices. See Khalik v. United Air Lines, 671 F.3d 1188, 1193 (10th Cir. 2012) (affirming dismissal of employment discrimination and retaliation case when many of plaintiff's allegations were conclusory).

Although the complaint does not state a claim as currently pled, the Court will give plaintiff leave to file an amended complaint so that he may cure the above deficiencies. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). In his amended complaint, plaintiff should include all of the facts that he believes illustrate that PETCO retaliated against him or acted with discriminatory animus.

IV.  CONCLUSION

For the foregoing reasons, the complaint is dismissed without prejudice to plaintiff filing an amended complaint. As the Court has concluded that there is currently no merit to plaintiff's claims, his motion for appointment of counsel is denied without prejudice to his renewing the motion at a later time. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether to grant counsel, "the district court must consider as a threshold matter the merits of the plaintiff's claim"). An appropriate order follows.